## Jones v. State Highway Commission et al.

(Decided Nov. 13, 1936.)

B. M. VINCENT, Attorney General, and A. E. FUNK, Assistant Attorney General, for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

This is an appeal from a judgment approving the action of the Workmen's Compensation Board in refusing to reopen an award made to H. E. Jones.

On October 19, 1931, this man was at work for the State Highway Commission in a rock quarry near Glasgow, Ky., and the highway commission had accepted and was operating under the provisions of the Workmen's Compensation Act (Ky. Stats. 1930, sec. 4880 et seq.).

On the day named Jones and other workmen were tearing down a tool shed, which was to be re-erected at another location. While so engaged a nail in a falling plank scratched or tore the skin on the back of Mr. Jones' right hand. Some simple remedies were applied, and Jones continued to work until Friday, October 23, 1931, when the condition of his hand which had become infected, forced him to stop. After a few days at home, he was removed to the hospital at Glasgow, where he was under treatment for a month or so.

Jones needed money and made application to J. R. Garmon, the foreman of the quarry. According to Jones, Garmon gave him a check and promised to put him back on the pay roll and give him some light work. Garmon does not deny this.

The proper forms were made up and sent to the Workmen's Compensation Board. The case was seemingly treated by the parties as closed, and Jones signed this receipt:

"December 29, 1931. Form No. 18. Settlement receipt. This receipt means a final settlement. Do not sign it unless you intend to end payments of compensation and close the case. Received of the State Highway Commission of Kentucky the sum of eighty-two dollars and eighty-eight cents * * * in settlement of compensation under the Kentucky Workmen's Compensation Law, on account of injuries suffered by me, Henry Jones on or about the 19th day of October, 1931, while in the employ of the State Highway Commission of Kentucky subject to review and approval by the Workmen's Compensation Accident Board. Witness my hand * * * Henry Jones. Witness: J. R. Garmon."

On the same day J. R. Garmon, the quarry foreman, sent in a report in which he made the following answers to the following questions:

"What incapacity resulted to the employee by reason of this injury? State nature exactly, or as near as possible: Scratched back of hand on nail, inflammation set up and his hands and feet got affected and was in bad shape, looks like blood poison. Has injured person returned to work? No, but his doctor thinks he is able to work."

On December 28, 1933, a motion and supporting affidavits were filed to vacate and set aside the original order of settlement and reopen the claim.

April 3, 1934, the board made an order reopening the case, and after hearing evidence and argument made this order.

Order of October 9, 1934.

"Opinion by W. H. Flanery, Referee:

"This is an Athletic Foot Case. In the year,

1931, the claimant was working for the defendant. A piece of plank fell down and skinned his forefinger next his thumb an abrasion of the skin.

"The plaintiff was settled with for a number of weeks by defendant and signed settlement and same was approved by this board.

"Now, prior, to this accident the testimony of plaintiff convincingly shows his feet were infected —the infection in the hand dried up or practically so, but the foot has given him much trouble. Plaintiff filed motion to reopen the case and to set aside the agreement of approved settlement, on the grounds of fraud or mistake on part of the representatives of the defendant and on the further cause of ill condition of his feet and charging total disability to labor as a result of the infection set up in the abrasion of the finger.

"We feel for the plaintiff in his irritated condition of his feet. The doctors tell us for his feet to fester or become infected is not a consequence of the injury to the finger. This was not due to the infection of the finger. We are forced to bear in mind that the feet were in bad condition *before the accident* so the plaintiff says in his testimony. We therefore must conclude that the plaintiff has failed not only in establishing fraud and mistake, but in showing his condition is due to accident or is a result thereof. The primary cause of his trouble was in the system before the accident and has not been traced to the feet as a consequence of the infection in the finger. So we find the motion was altogether proper to give the plaintiff a chance, but we find he has failed to establish either of his grounds or to make a case based upon the original claim.

"We must affirm the settlement order and reject the claim which is not proven.

"Facts as above are found. Rulings of law— none.

"Order. It is ordered that the claim be and is hence dismissed. Original settlement approved and confirmed."

Jones sought and obtained a full board review, and by the full board this order was made:

"Order of the full board by Davis M. Howerton, member.

"On October 9th, 1934, an award was entered in this case dismissing the plaintiff's application to reopen a previous settlement made between him and the State Highway Commisison. From that order the Plaintiff has filed his motion for a full board review.

"The full board has carefully considered the entire record and the able briefs of counsel on both sides and in the presence of each other have reached the conclusion that the order of the referee of October 9th, 1934, correctly determines the rights of the parties. It would serve no useful purpose to go into this question at great length, but the board has no doubt of its position in this matter.

"However, the board makes one additional finding of fact which is probably not required, but may not be exactly clear in the order of October 9th, 1934, as follows:

"The full board finds as a fact that the condition of the plaintiff of which he complains is due entirely to pre-existing disease and no part thereof is due to any traumatic injury arising out of and in the course of his employment while he was working for the defendant.

"Order. This cause having been submitted on plaintiff's motion for a full board review and the full board having considered said motion, the said motion for a full board review is hereby sustained and on consideration of said motion it is ordered and adjudged that the order of October 9th, 1934, be and the same is hereby affirmed."

Mr. Jones made timely application to circuit court for review, which was denied him, and he has appealed.

Mr. Jones seems to be hopeless and helpless, but the Workmen's Compensation Board properly refused to make him an award unless his present pitiable plight is the result of a traumatic injury arising out of and in the course of his employment. His employer did not in-

sure him against all the ills to which flesh is heir, but only against those traumatic injuries that came to him from, while, and because of the work he was employed to do. The board has found this man's present condition is not the result of a traumatic injury and certainly there was evidence to sustain its findings.

It is argued the board is without power to find now that Mr. Jones' plight is not the result of a traumatic injury after having once found that it was.

Whether section 4902, Kentucky Statutes, is broad enough to permit it to do so we need not decide, for it has never found Mr. Jones' condition is the result of a traumatic injury; indeed, the first act of the board which we find in this record wherein it approved or disapproved anything is the order of October 9, 1934, supra, and certainly that order was not a finding that this man's condition is the result of a compensable accident. The weight of the evidence supports the finding of the board, but if the weight were the other way we would still have to affirm this judgment unless it were all the other way. So long as the board's finding is sustained by any competent, credible, relevant, and material evidence, it will be upheld.

Judgment affirmed.